Columbus Bar Association *v.* Saker.

[Cite as *Columbus Bar Assn. v. Saker* (2000), 88 Ohio St.3d 269.]

(No. 99–1557—Submitted November 16, 1999—Decided March 22, 2000.)

270

*Julia A. Davis, David K. Greer* and *Patricia K. Block,* for relator.

*Theodore R. Saker, Sr., pro se,* and *Theodore R. Saker, Jr.,* for respondent.

---

***Per Curiam.*** We adopt the findings and conclusions of the board. This case demonstrates the hazards that exist when an attorney enters into a business transaction with a client and the reasons for DR 5–104(A). Respondent believed he was doing a favor for a person who was a client and a friend and, probably as a result of their longstanding relationship, was too informal in negotiating and documenting the real estate transfer. Most important, in a situation where the client assumed that respondent was exercising professional judgment on his behalf, respondent failed to obtain his client's consent after full disclosure. When the attorney-client relationship deteriorated, the fruits of respondent's casual approach to the documentation of the sale and the Disciplinary Rule requirements were harvested. We find a clear violation of DR 5–104(A).

Respondent is hereby suspended from the practice of law for six months. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.